Gauff, Appellant, *v.* Satterthwaite.

Argued October 22, 1930.

Before
T<small>REXLER</small>, P. J., K<small>ELLER</small>, L<small>INN</small>, G<small>AWTHROP</small>, C<small>UNNING</small>-<small>HAM</small> and B<small>ALDRIGE</small>, JJ.

*Edward E. Dicker,* and with him *Abraham H. Lipez,* for appellant.

*Edward S. Lower, Jr.,* and with him *Orr, Hall & Williams,* for appellee.

OPINION BY TREXLER, P. J., February 27, 1931:

This is a suit by Bertha Gauff to recover damages for injury to her automobile. The car was parked on a street in Cape May, New Jersey, and Mrs. J. Ralph Satterthwaite, the defendant, drove her car into it. There was no question as to defendant's liability. The court sat without a jury and found in favor of the defendant, for the reason that the claim had been paid.

The statement of question involved propounded "is whether or not in an action of trespass, a release of damages by the plaintiff's agent to one who neither appears on the record as agent for the defendant, nor as a joint tort feasor, can enure to the benefit of the defendant as a release of any damage caused by her?" It would seem that this question under the facts as they appear is easy of answer. The husband of the defendant received a letter (which for some reason was not offered in evidence, although used at the trial and referred to as admitted) in which there was an estimate of the damages, forming the basis of the claim arising out of the accident and in response to that letter, Satterthwaite sent to Gauff a check for $100. Gauff testified that he was acting on behalf of his wife. In remitting the $100, Mr. Satterthwaite stated that it was "in full of your claim against me for Mrs. Satterthwaite's accident to your car in July of this year." There is no evidence in the case that Mr. Gauff suffered any injury directly or indirectly by reason of the accident, as his wife was the owner of the car and the suit was brought merely for property damage, not for any personal injuries. The pronoun "your" was used in the above communication. Either Mr. Satterthwaite was ignorant of the fact that the title of the car was in Mrs. Gauff, or used the

pronoun as applying to both Gauff and his wife. It does not matter what construction we place on it, for the reason that Mr. Gauff stated that he was acting on behalf of his wife at that time and the statement of question involved, it will be noticed, refers to him as plaintiff's agent and there is not a word of testimony to the contrary. It is true there is nothing on the record as to the agency of Mr. Satterthwaite, but there is no doubt that the money was paid to plaintiff's husband in liquidation of the claim of Mrs. Gauff and in settlement of the damages arising out of the accident caused by Mrs. Satterthwaite's negligence. The payment of the $100 settled the matter and no cause of action remained in the plaintiff. There are some assignments as to the admission of testimony, but they are not referred to in the statement of question involved, nor is there any merit in them.

The judgment is affirmed.